**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HONG ANH NGUYEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:20-cv-00961-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| FARMERS INSURANCE EXCHANGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Mid-Century Insurance Company's, incorrectly

named as Farmers Insurance Exchange ("Defendant's"), Motion for Summary Judgment, (ECF

No. 13). Plaintiffs Andy Trong Do ("Do"), Hung V. Mai, and Hong Anh Nguyen,

(collectively, "Plaintiffs") filed a Response, (ECF No. 16), and Defendant filed a Reply, (ECF

No. 17).

Also pending before the Court is Plaintiffs' Motion to Set Aside, (ECF No. 18).

Defendant filed a Response, (ECF No. 19), and Plaintiffs filed a Reply, (ECF No. 22).

Also pending before the Court is Defendant's Motion to Strike the Motion to Set Aside,

(ECF No. 21). Plaintiffs filed a Response, (ECF No. 24), and Defendant filed a Reply, (ECF

No. 26).

For the reasons discussed below, the Court **GRANTS** the Motion for Summary

Judgment and **DENIES as moot** the Motion to Set Aside[1] and Motion to Strike.

//

---

[1] The Motion to Strike addresses the Clerk's Entry of Default in Case No. 2:19-cv-01800-GMN-BNW. (*See* Mot. Set Aside, ECF No. 18) (requesting that the Court set aside the July 13, 2020, entry of default); (*See* Case No. 2:19-cv-01800-GMN-BNW, ECF No. 20) (indicating Clerk's Entry of Default in a case involving the same parties, entered 7/13/2020). Given the Motion's irrelevance to this case, the Court would order it stricken. However, as the Court's grant of summary judgment closes the case, and the Motion to Set Aside has no bearing on the propriety of summary judgment, the Motion to Set Aside and related Motion to Strike are denied as moot.

## I. BACKGROUND

This case arises from Plaintiffs' attempt to collect upon a judgment entered against a third-party tortfeasor who injured Plaintiffs in an automobile accident. (*See generally* Compl., Ex. 3 to Pet. Removal, ECF No. 1-3). Plaintiffs brought a personal injury lawsuit against the tortfeasor in state court, the tortfeasor did not make an appearance in the case, and the court entered default judgment against the tortfeasor for several million dollars. (*See* Default J. Order, Ex. 2 to Pet. Removal, ECF No. 1-2). The tortfeasor did not have automobile insurance, and Defendant—Do's insurer—paid Plaintiffs the full amount of the uninsured motorist coverage provided under Do's insurance policy. (*See* Policy of Insurance at MIC08015, Ex. 2 to MSJ, ECF No. 13-2); (Sept. 13, 2019 Correspondence from Plaintiffs' Counsel, Ex. 3 to MSJ, ECF No. 13-3); (Proof of Uninsured Motorist Payment, Ex. 4 to MSJ, ECF No. 13-4). Plaintiffs seek to recover the balance of the judgment against the defaulting third-party tortfeasor from Defendant. (*See generally* Compl., Ex. 3 to Pet. Removal, ECF No. 1-3).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing

competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the

truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The

evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in

his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not

significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III.   **DISCUSSION**

The Court first addresses Defendant's Motion for Summary Judgment. Defendant

primarily seeks summary judgment on the ten claims raised in Plaintiffs' Complaint. (*See* Mot.

Summ. J. ("MSJ"), ECF No. 13). Ordinarily, in an order on a motion for summary judgment,

the Court would carefully parse the merits of each claim. But where, as here, Plaintiffs throw a

plethora of baseless legal theories against the wall in the hopes that one sticks, the Court need

not waste its valuable time cleaning up Plaintiffs' mess claim-by-claim. Instead, the Court first

addresses the breach of contract claim before grouping its discussion of Plaintiffs' remaining

claims.

### A.     **Breach of Contract**

After Plaintiffs' attainment of default judgment against the uninsured motorist,

Defendant had a contractual duty to tender the full value of the uninsured motorist policy limits

to Plaintiffs. (*See* Policy of Insurance at MIC08015, Ex. 2 to MSJ, ECF No. 13-2). On

September 18, 2019, Plaintiffs' counsel provided Defendant notice of the underlying default

judgment. (Sept. 13, 2019 Correspondence from Plaintiffs' Counsel, Ex. 3 to MSJ, ECF No.

13-3). On October 7, 2019, Defendant tendered the full value of the policy limit. (Proof of

Uninsured Motorist Payment, Ex. 4 to MSJ, ECF No. 13-4).

1    Plaintiffs do not contest the above-described facts.  Rather, Plaintiffs' "dispute" is one of

2    law.  Plaintiffs argue that by failing to intervene in the state court case, Defendant breached its

3    "duty to defend," obligating Defendant to satisfy the judgment against the uninsured motorist.

4    (*See generally* Pl.'s MSJ Resp., ECF No. 16).  No cases support Plaintiffs' position.  An insurer

5    has a duty to *defend* an insured against litigation where the insured's policy may provide

6    coverage for any prospective liability. *See Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683,

7    687–88 (Nev. 2021) (explaining that the duty to defend only arises when there is possible

8    indemnification).  However, there is no legal support for the position that an insurer has a duty

9    to *prosecute* a claim on an insured's behalf so that the insured may recover against a third-

10   party.  Do's garden-variety automobile insurance policy is not a retainer agreement that obliged

11   Defendant to prosecute cases on Plaintiffs' behalf.  Therefore, the Court grants Defendant

12   summary judgment on Plaintiffs' breach of contract claim.

13   **B.      Extra-Contractual Claims**[2]

14   Likewise, Plaintiffs' tort and statutory claims are based on a mischaracterization of the

15   duty to defend.  Plaintiffs argue that Defendant breached its duty of good faith and fair dealing

16   and related fiduciary duty by failing to properly evaluate Plaintiffs' case in determining

17   whether to intervene, even though Defendant unquestionably had no duty to intervene. (*See*

18   Resp. MSJ 13:5–18:2, 19:9–23:8, 24:9–15).  Plaintiffs argue that Defendant acted in bad faith

19   by denying benefits despite fully performing its obligations under the contract. (*Id.* 18:3–19:8).

20   Even if Defendant owed Plaintiffs other hypothetical duties in tort, which it did not, Plaintiffs'

21   briefing of the remaining claims cites no evidence that could demonstrate breach of duty. (*Id.*

22

23

24   [2] Plaintiffs assert the following tort and statutory claims in the Complaint: (1) Breach of Implied Covenant of
Good Faith and Fair Dealing; (2) Violation of Nevada Unfair Claims Practices Act; (3) Breach of Fiduciary
Duty; (4) Civil Conspiracy; (5) Concert of Action; (6) Unjust Enrichment; (7) Conversion; (8) Intentional

25   Infliction of Emotional Distress; and (9) Negligent Infliction of Emotional Distress. (Compl. ¶¶ 51–115, Ex. 3 to
Pet. Removal, ECF No. 1-3).

24:16–29:20) (attempting to create "issues of fact" without providing any evidence to support the claims).  Plaintiffs' therefore fail to satisfy their burden to defeat summary judgment.

**IV.     CONCLUSION**

     **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 13), is **GRANTED**.

     **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Set Aside, (ECF No. 18), is **DENIED as moot**.

     **IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 21), is **DENIED as moot**.

     Dated this _8_ day of July, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT